UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACE,<br><br>          Plaintiff,<br><br>     v.<br><br>KEN CLARK, et al.,<br><br>          Defendants. | Case No.: 1:22-cv-00476-KES-CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br><br>Doc. 17 |

Plaintiff Michael Jace is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 10, 2025, the assigned magistrate judge screened plaintiff's first amended complaint ("FAC") and issued findings and recommendations to dismiss this action for failure to state a claim upon which relief could be granted. Doc. 17. Plaintiff was afforded 14 days within which to file objections. *Id*. at 14–15. On March 4, 2025, plaintiff's untimely objections, with a February 26, 2025 date of mailing, were filed on the docket. Doc. 18.

In the objections, plaintiff first relies on *Lee v. Allison (In re CIM-SQ Transfer Cases)*, No. 22-mc-80066-WHO, 2022 U.S. Dist. LEXIS 169889 (N.D. Cal. Sep. 20, 2022), which he contends correctly applied the liberal pleading standard afforded to pro se litigants, in arguing that he states a cognizable Eighth Amendment conditions of confinement claim. *Id.* at 1–4. But as

1  plaintiff recognizes in his objections, the court in *Lee* found certain pro se claims sufficient based
2  on allegations "that *each defendant* made a decision in support of or facilitating the transfer or
3  regarding the transfer protocols, or had knowledge of the flawed protocols, as a supervisor, and
4  failed to take actions to mitigate the risk they presented." *Lee*, 2022 U.S. Dist. LEXIS 169889, at
5  \*18 (emphasis added); *see also* Doc. 18 at 3.  In contrast, as noted in the findings and
6  recommendations, plaintiff's FAC contains only blanket assertions that all defendants, regardless
7  of their role within the prison system, were deliberately indifferent to the risks of COVID-19.
8  This is insufficient to state a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because
9  vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-
10 official defendant, through the official's own individual actions, has violated the Constitution.");
11 *Leer v. Murphy*, 844 F.2d 628, 633–34 (9th Cir. 1988) (emphasizing that liability for suits under
12 42 U.S.C. § 1983 seeking damages requires individualized allegations tying each defendant to the
13 misconduct alleged).  For the same reasons, the findings and recommendations correctly found
14 that the FAC failed to connect any specific defendant's actions to plaintiff's alleged harm.
15       Plaintiff also relies on *Hintze v. Sisolak*, No. 3:22-cv-00436-MMD-CLB, 2024 U.S. Dist.
16 LEXIS 183283 (D. Nev. Oct. 8, 2024), in arguing that "[a]ll of the defendants were deliberately
17 indifferent; Diaz and Gipson as supervisors and each of the remaining defendants who 'made a
18 decision in support of' the transfer being fully aware of the risk involved." Doc. 18 at 5.
19 However, plaintiff's reliance on *Hintze* serves to underscore the deficiencies in his pleading, as
20 the allegations in that case were substantially more specific and more tied to each defendant's
21 conduct than those presented here.  *See Hintze v. Sisolak*, No. 3:22-cv-00436-MMD-CLB, 2024
22 U.S. Dist. LEXIS 183283, at \*5 (D. Nev. Oct. 8, 2024) (detailing specific allegations supporting
23 defendants' personal knowledge of risks associated with COVID-19).
24       The objections incorrectly assert that Clark Kelso's April 10, 2020, memorandum
25 detailing approval requirements for inter-institution transfers due to COVID-19 transmission risks
26 was sufficient to name Kathleen Allison and Joseph Bick as defendants.  As explained above, the
27 FAC fails to allege how any particular defendant caused plaintiff harm.  Moreover, plaintiff's
28 assertion was addressed in the findings and recommendations to the extent they recognized that a

2

1  violation of prison regulations or policies is not necessarily a federal constitutional violation.
2  Doc. 17 at 12 n.4.  The findings and recommendations also explained that Allison was no longer
3  CDCR Secretary at the time of plaintiff's transfer and found no indication that Bick would have
4  been tasked with the transfer as the Director of Healthcare Services.  *Id.* at 9, 11 n.1.  Plaintiff
5  argues the memorandum required Bick to have some consultation role with respect to the transfer,
6  but, even if this is correct, plaintiff does not allege whether any such consultation occurred or, if it
7  did occur, whether the result was a recommendation to transfer.  More importantly, the
8  memorandum indicates that the Health Care Placement Oversight Program would have made the
9  decision to approve any inmate transfers, not Bick.  *See* Doc. 18 at 6 (transfer approval required
10 by HCPOP).

11      Finally, plaintiff requests that the court take judicial notice of footnote 8 in *Coleman v.*
12 *Newsom*, No. 2:90-cv-0520 KJM DB P, 2020 U.S. Dist. LEXIS 82712 (E.D. Cal. May 8, 2020).
13 Doc. 18 at 7.  He asserts that this footnote establishes that defendant Diaz had knowledge of the
14 risks associated with inter-institution transfers.  *Id.*  Among other things, the footnote appears to
15 discuss the same memorandum—issued by California Correctional Healthcare Services
16 ("CCHCS") to Secretary Diaz regarding the guidelines for achieving and maintaining social
17 distancing in California prisons.  *Coleman*, 2020 U.S. Dist. LEXIS 82712, at *28 n.8.  Courts
18 "may take judicial notice of undisputed matters of public record, including documents on file in
19 federal or state courts."  *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal
20 citation omitted); *see also Butler v. Rueter*, No. 2:22-CV-01301 KJN P, 2023 WL 1991591, at *2
21 (E.D. Cal. Feb. 14, 2023) (taking judicial notice of CCHCS memorandum confirming that a
22 defendant acted as CCHCS Director of Corrections Service), *report and recommendation adopted*
23 *in part sub nom. Butler v. Kelso*, No. 222CV1301KJMKJNP, 2023 WL 5528580 (E.D. Cal. Aug.
24 28, 2023).  However, "[j]ust because [a] document itself is susceptible to judicial notice does not
25 mean that every assertion of fact within that document is judicially noticeable for its truth."
26 *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).  Consistent with
27 plaintiff's request, the Court will take judicial notice of footnote 8 in *Coleman*, but not for the
28 truth of any disputed facts stated therein.

1    As set forth in *Coleman*, several hundred inter-institution transfers occurred in early April 2020 to limit the spread of COVID-19. *Coleman*, 2020 U.S. Dist. LEXIS 82712, at *28 n.8. Plans to transfer inmates from San Quentin State Prison to Corcoran State Prison were temporarily paused after CCHCS issued a memorandum instructing that all inmate movement must be done to ensure that such movement does not contribute to the spread of COVID-19. *Id.* CCHCS issued a supplemental memorandum shortly thereafter "clarifying that the April 10, 2020 memorandum was not intended to affect any inter-institution transfers to address either medical, mental health, or dental needs that were not available at the sending institution." *Id.* The objections do not discuss the supplemental memorandum. According to the FAC, plaintiff had an underlying health condition at the time he was transferred. Doc. 14 at 11. Plaintiff's allegations do not establish a reasonable inference that any defendant had a sufficiently culpable state of mind concerning his transfer. *Iqbal*, 556 U.S. at 678.

Consistent with 28 U.S.C. § 636(b)(1), this Court conducted a de novo review of this case. Having reviewed the file, including plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly:

1. The findings and recommendations issued on February 10, 2025, Doc. 17, are adopted in full;
2. This action is dismissed for failure to state a claim upon which relief can be granted; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   September 1, 2025

_____
UNITED STATES DISTRICT JUDGE

4